# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v. ) | |
| ) | **Criminal No. 20-cr-0067-JDB** |
| **MARIAM TAHA THOMPSON** ) | |
| ) | |

## SUPPLEMENT TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Mariam Thompson, by and through undersigned counsel, respectfully files this Supplement to her Memorandum in Aid of Sentencing.

### I. A SENTENCE OF SEVEN (7) YEARS OF INCARCERATION IS SUFFICIENT UNDER THE CIRCUMSTANCES

In its Sentencing Memorandum (ECF No. 54), the government requests a sentence of thirty (30) years (Govt. Memorandum at p. 1) and asserts that the plea agreement, which she entered on March 26, 2021, provides a substantial benefit to Ms. Thompson.[1]  However, it's important to understand that Ms. Thompson will be 63 years old next month.  A sentence of anything close to thirty (30) years in this case is essentially a life sentence.  Counsel submits that given Ms. Thompson's age, her extended history of service to our country, the extremely short duration of her criminal activity, and the fact that she was preyed upon by a foreign adversary who she believed loved her, a sentence of seven (7) years of incarceration is sufficient but not greater than necessary.  If the Court imposes a seven (7) year sentence, Ms. Thompson will be almost seventy (70) years old when released.

---

[1] See Govt. Memo, p. 4, FN4.

### II. MS. THOMPSON'S BACKGROUND CREATED A VULNERABILITY THAT THE MANIPULATOR EXPLOITED

Ms. Thompson is of Lebanese descent. The Arab culture, in which Ms. Thompson was born and raised, is male-dominated. She was taught from an early age to respect and obey her male counterparts. This is not to say that Ms. Thompson has no independence or voice of her own; but it is important to understand the cultural component that played a role in Ms. Thompson's actions.

In early 2020 Ms. Thompson was a widow, entering older age, with no companionship. The man who manipulated her preyed upon her situation and used it to influence Ms. Thompson to make the worst choices of her life; choices that went against everything she ever believed in and actively worked to achieve on behalf of the United States.

When preyed upon by an older male intimately familiar with the Arab culture, one who told her he loved her and wanted to marry her; Ms. Thompson not only felt an obligation out of love, but felt a desire to please the elder Arab man whom she had been taught her whole life to essentially obey.

Ms. Thompson's long history of service to our military, as evidenced by the letters of recommendation written by Generals Petraeus and Barksdale (*See* Exhibits M & N) are examples of her deep love for our country. Ms. Thompson's deepest fear was she would die alone with no one to love her in old age. After years spent in war zones overseas, she was incredibly lonely. The man she met knew she was lonely and preyed upon this vulnerability – he knew exactly what he was doing and who he was preying upon, someone with information he could exploit.[2]

---

[2] Ms. Thompson never revealed her location to this man; he clearly had independent knowledge of her location and access to information.

**III.   THERE ARE IMPORTANT DIFFERENCES BETWEEN MS. THOMPSON AND OTHERS SENTENCED ON SIMILAR CHARGES THAT JUSTIFY A SHORTER SENTENCE FOR MS. THOMPSON**

    **A. Ms. Thompson's Motive Was Markedly Different Than Other Similarly Situated Defendants.**

The government spends significant time justifying the use of the terrorism enhancement regardless of Ms. Thompson's motive (Govt. Memo, p. 7). It's important to understand what occurred however – Ms. Thompson was preyed upon by a foreign adversary who knew exactly what he was doing and exactly who he was exploiting. He drew out deeply personal information from Ms. Thompson and ultimately used it to manipulate her. Ms. Thompson was a linguist, and although had some training in the intelligence field, was not a career intelligence professional.

Ms. Thompson didn't provide every piece of information requested by her manipulator. The government views this as calculating (Govt. Memo, p. 19). It also indicates that Ms. Thompson at some level knew she was being manipulated and was fighting the efforts to control her.

The government claims that Ms. Thompson is most comparable to the defendant in *United States v. Ryan Anderson,* 68 M.J. 378 (C.A.A.F. 2010) (Govt. Memo, p. 28), a case where a soldier posted on a Muslim extremist website and subsequently met with whom he believed to be Al Qaeda operatives, but were actually undercover agents, and gave them classified intelligence. The government claims he was motivated by personal reasons. However, based on the government's description, those personal reasons are more aligned with ideology and a desire to betray, rather than by love and vulnerability, as is the case here. Ms. Thompson is not at all comparable, and her sentence should reflect accordingly.

The other main case the government contends is comparable is *United States v. Ana Belen Montes*, No. 1:02-CR-131 (D.D.C.) (Urbina, J.) Ms. Montes was a spy for Cuba for

sixteen (16) years, and was sentenced to twenty-five (25) years. Again, the government claims she was not motivated by financial gain, but for personal reasons. However, Ms. Montes was motivated by ideology, vastly different than Ms. Thompson's motive in this case.  It is also crucial to understand that neither Anderson nor Montes were preyed upon by those to whom they disclosed information, as opposed to Ms. Thompson.

There are numerous other defendants who have been motivated by hatred of the United States or money, such as Robert Hanssen,[3] Jonathan Pollard,[4] and Jerry Lee.[5]

### B. The Extremely Short Duration of Ms. Thompson's Criminal Activity Justifies the Requested Sentence.

Ms. Thompson's actions occurred began on January 1, 2020 and ended with her arrest at the end of the next month.  The duration of her criminal activity stands in stark contrast to other similarly situated defendants, such as Robert Hanssen (25 years), Peter Debbins[6] (16 years), and Jerry Lee (8 years).

### IV. RECOMMENDATION FOR FACILITY PLACEMENT

Ms. Thompson respectfully requests that the Court recommend that she be placed in a Bureau of Prisons ("BOP") facility in California as the climate is conducive to maintaining her health.

### V. REQUEST TO REMAIN AT THE ALEXANDRIA DETENTION CENTER PENDING DESIGNATION

Ms. Thompson respectfully requests that the Court order that she remain at the Alexandria Detention Center while she is being designated for placement by BOP so that she can continue almost-daily treatment that she is currently receiving.

---

[3] 1:01-cr-188-CMH (EDVA)
[4] 1:86-cr-207-TFH-1 (DDC)
[5] 1:18-cr-89-TSE (EDVA)
[6] 1:20-cr-193-CMH (EDVA)

Respectfully submitted,

_____/s/_____
David Benowitz
DC Bar No. 451557
*Counsel for Mariam Thompson*
Price Benowitz LLP
409 7th Street, NW,
Suite 200
Washington, DC 20004
O: (202) 417-6000
M: (202) 271-5249
David@PriceBenowitz.com

## CERTIFICATE OF SERVICE

I CERTIFY that on this 22nd day of June 2021, I caused a true and correct copy of the foregoing Supplement to be delivered via ECF to Assistant United States Attorney John Cummings and DOJ Attorney Jennifer Gellie, United States Attorney's Office, 555 Fourth Street, NW, Washington, DC 20530.

_____/s/_____
David Benowitz